IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF EVANSVILLE MARINE ) <br> SERVICE, INC. AS OWNER OF THE         ) <br> M/V LOYD C., OFFICIAL NO. 631013       ) <br> FOR EXONERATION FROM OR LIMITATION ) <br> OF LIABILITY                            ) | CIVIL NO. 3:20-cv-152 <br><br> <u>IN ADMIRALTY</u> |

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner Evansville Marine Service, Inc. ("EMS"), as owner of the M/V Loyd C., Official No. 631013, for its Complaint for Exoneration From or Limitation of Liability, pursuant to 46 U.S.C. §§ 30501, *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, hereby states as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls within Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. This action arises under the laws of the United States, specifically those laws defining a vessel owner's right to limitation and/or exoneration pursuant to 46 U.S.C. §§ 30501, *et seq.*, and various statutes, rules, and regulations relating thereto.

3. At all times relevant hereto, EMS was and is an Indiana corporation with its principal place of business located in Evansville, Indiana.

4. At all times relevant hereto, EMS was and is the owner the M/V Loyd C.

5. At all times relevant hereto, the M/V Loyd C. was and is an inland river commercial towing vessel, operated on the navigable waters of the United States of America, which, at all times relevant hereto, was tight, staunch, strong and seaworthy in all respects.

6. The M/V Loyd C. regularly plies the navigable waters within this District, including the waters adjacent to Owensboro, Kentucky/Rockport, Indiana. The M/V Loyd C. has not been attached or arrested to answer for any claim with respect to the matters described herein. A suit has been commenced by Christopher D. Thurby against EMS in this court concerning the matters described herein, which is styled as *Christopher D. Thurby v. Evansville Marine Service, Inc.*, Case No. 3:20-cv-104. Venue is proper in this judicial district pursuant to Supplemental Rule F(9), as EMS has been sued within this judicial district with respect to the matters described herein.

7. At all times relevant hereto, EMS used due diligence to ensure that the M/V Loyd C. was tight, staunch, strong, properly equipped and supplied, and in all respects seaworthy and fit for its operation.

8. On January 2, 2020, the M/V Loyd C. was delivering an empty tank barge to a dock located at the Owensboro Grain Company on the left descending bank near mile 758.1 of the Ohio River. As the M/V Loyd C. was landing the tank barge on the dock, deckhand Christopher D. Thurby ("Thurby") stuck his left hand between the barge and the dock. Thurby's hand was caught between the barge and the dock resulting in injury to Thurby's left hand and/or fingers.

9. Thurby has asserted a claim against EMS in the suit styled *Christopher D. Thurby v. Evansville Marine Service, Inc.*, Case No. 3:20-cv-104 seeking to recover from EMS his alleged damages resulting from the incident described in the preceding paragraph (the "incident"). Even though Thurby's claim against EMS is not meritorious, EMS anticipates that Thurby will assert that his claim against EMS and the M/V Loyd C. exceeds the value of EMS's interest in said vessel.

10. At the termination of its voyage, the value of the M/V Loyd C., which was the value of EMS's interest therein, was $800,000.00. Attached hereto as Exhibit "A" is a Stipulation of Value setting forth the value of the M/V Loyd C. as of January 2, 2020, immediately following the incident.

11. At the termination of the voyage described above, the M/V Loyd C. had no pending freight. Attached hereto and marked as Exhibit "B" is an Affidavit verifying this.

12. The losses and damages allegedly resulting from the incident were neither caused, nor contributed to by any fault or neglect on the part of EMS, nor of anyone for whose act EMS is or may be responsible, nor were said losses and damages in any way caused by an unseaworthy condition aboard the M/V Loyd C.

13. The alleged losses and damages referred to above were occasioned and incurred without any fault on the part of EMS and without EMS's privity or knowledge. EMS denies any liability for any claim or loss associated by or resulting from the incident and states that it has valid and complete defenses to all such claims.

14. EMS contests its liability for all such claims and is entitled to exoneration from liability in connection with the aforesaid acts. Should this Honorable Court, however, adjudge that EMS is in any way liable for the aforesaid loss or damages claimed, then EMS is entitled to limit its liability as provided for in 46 U.S.C. §§ 30501, *et seq*.

15. Subject to an appraisal of EMS's interest in the M/V Loyd C., should one be ordered, EMS offers and files herewith a Letter of Undertaking for the payment into Court, whenever the Court shall so order, the aggregate amount of EMS's interest in said vessel with interest at a rate of six percent (6%) per annum from the date of security. The Letter of Undertaking is attached hereto as Exhibit "C."

16. EMS avers that there are no unsatisfied liens or claims of liens, in contract or in tort, arising on the above referenced voyage so far as is known to EMS.

WHEREFORE, Petitioner Evansville Marine Service, Inc. prays:

1.  That this Honorable Court enter an Order approving the Stipulation for Costs in the amount of One Thousand Dollars ($1,000.00) filed by EMS herein on which EMS is principal and Attorney Jay D. Patton its surety. The Stipulation for Costs is attached hereto as Exhibit "D";

2.  That this Honorable Court enter an Order approving as to quantum, form, and surety the Letter of Undertaking filed by EMS's insurer herein in the amount not exceeding $800,000.00 as proper security pursuant to 46 U.S.C. §§ 30501, et seq.;

3.  That upon filing the foregoing, this Court issue an injunction restraining the commencement, prosecution, and continuation of any and all actions, suits, or legal proceedings of any kind against EMS or the M/V Loyd C. or any other property owned by EMS arising out of the matters and happenings arising out of the incident described above, other than in these proceedings;

4.  That the Court order a notice to be issued to all persons, firms, and corporations having or alleging to have claims by reason of the incident described above, admonishing them to appear and file their claims with the Clerk of this Honorable Court on or before the date to be fixed by this Court and as specified in the notice or be forever barred and permanently enjoined from making and filing any such claim and to answer the premises of the Complaint;

5.  That the Court adjudge EMS and the M/V Loyd C. not liable for any damages, demands or claims whatsoever in consequence of or arising out of or connection with the incident;

6. That, in the alternative, should the Court adjudge that EMS is liable to any extent that the Court then adjudge that the liability of EMS be limited to the amount of its interest in the M/V Loyd C. at the termination of the voyage aforementioned; and in that event, the amount paid into the Court as representing the value of EMS's interest in said vessel, shall be apportioned pro-rata among any claimants having made due proof of their represented claim; and that a decree be entered discharging EMS and the M/V Loyd C. from any liability in consequence of or arising out of or connected with the incident; and

7. That EMS have such other and further relief as may be just and proper and which this Court is competent to grant.

Respectfully submitted,

  s/Jay D. Patton
Todd M. Powers
Jay D. Patton (IN # 21375-98)
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
5300 Socialville-Foster Road, Suite 200
Mason, Ohio 45040
513-583-4200 Tel.
513-583-4203 Fax
tpowers@smbplaw.com
jpatton@smbplaw.com
*Attorneys for Petitioner*